JUDGE KARAS

11 CIV 4846

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No.

EDUARDO TALABA, JR.

                              Plaintiff,

      -against-                                        **COMPLAINT**

CAVALRY PORTFOLIO SERVICES, LLC.

                              Defendant.
------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") for an injunction against defendant's deceptive acts and practices.

## PARTIES

2.     Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant Cavalry Portfolio is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Cavalry uses the mail to collect consumer debts in default which are owed or due or alleged to be owed or due to others. Upon information and belief, Cavalry is a foreign limited liability company incorporated in Delaware.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS OF FACT

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That plaintiff was alleged to owe a consumer debt to Citifinancial, which debt was incurred for personal purposes.

7. That sometime in the year 2010, plaintiff received a collection letter from Van Ru Credit Corporation, a debt collector collecting for Citifinancial, concerning the debt.

8. That plaintiff conferred with his attorneys at Fagenson & Puglisi. By letter dated August 25, 2010 Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to Van Ru informing Van Ru that Fagenson & Puglisi represented plaintiff, that plaintiff disputed the debt Van Ru was attempting to collect and that plaintiff should not be contacted directly regarding the debt.

9. That by letter dated August 25, 2010, Concetta Puglisi also wrote to Citifinancial, informing Citifinancial that Fagenson & Puglisi represented plaintiff, that

plaintiff disputed the debt Citifinancial was attempting to collect and that plaintiff should not be contacted directly regarding the debt.

10. That notwithstanding plaintiff's attorney's said letters to Van Ru and Citifinancial, Cavalry nonetheless sent a collection letter, dated April 13, 2011 directly to plaintiff at his home, in an attempt to collect the same debt.

11. That Cavalry was attempting to collect the debt on behalf of Cavalry SPV I, LLC., its parent or affiliated company which had since purchased the debt, also a debt collector.

## COUNT ONE

### FDCPA Allegations concerning Cavalry

12. That plaintiff re-alleges paragraphs 1 to 11 as if fully re-stated herein.

13. That Citifinancial did inform Cavalry SPV I, LLC. that plaintiff was represented by counsel in the matter of the collection of the debt and that plaintiff was disputing the debt.

14. That Cavalry was aware that plaintiff was represented by an attorney but, nevertheless, Cavalry sent the April 13, 2011 collection letter to plaintiff.

15. That Cavalry's said letter constitutes improper direct contact with plaintiff with full knowledge that he is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to §1692c(a)(2). Said letter also violates §1692e(10), as a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

## COUNT TWO

### NYGBL §349

16. That plaintiff re-alleges paragraphs 1 to 15 as if fully re-stated herein.

17. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

18. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year thousands of letters similar to the one referenced herein, despite knowledge that the consumers are represented by attorneys.

19. That defendant improperly contacted plaintiff with full knowledge that he was represented by counsel and that he was disputing the debt.

20. That plaintiff felt harassment, annoyance, irritation and anxiety upon receiving the letter from defendant, even after his attorney had requested that he not be contacted directly concerning the debt.

21. That plaintiff was harmed by the conduct of defendant and defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       July 5, 2011.

_____
NOVLETTE R. KIDD, ESQ.(NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com